NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2787
_____

UNITED STATES OF AMERICA

v.

ARTHUR ISHKANIAN,
also known as Lucky

Arthur Ishkhanian,

Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(No. 1-08-cr-114-2)
District Judge:  Honorable Gregory M. Sleet

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 22, 2012
_____

Before:  RENDELL, FISHER, and CHAGARES, Circuit Judges.

(Filed: March 30, 2012)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Arthur Ishkanian pled guilty to various charges related to his scheme to enlist bank

employees to fraudulently inflate credit limits, enabling Ishkanian to withdraw millions

of dollars he never intended to repay. Ishkanian's counsel has moved to withdraw his representation on the basis that there are no non-frivolous issues to raise on appeal. In response, Ishkanian filed a pro se brief. We will grant counsel's motion to withdraw and, finding that Ishkanian's pro se brief raises no meritorious arguments, we will affirm the District Court's sentence.

I.

Because we write exclusively for the parties, we provide only an abbreviated summary of the facts essential to our disposition. On November 30, 2009, Ishkanian pled guilty to defrauding a federally insured financial institution and multiple counts of bank fraud, all in violation of 18 U.S.C. § 1344. These charges arose from Ishkanian's scheme to pay Bank of America employees to inflate the available credit limit for certain accounts and then withdraw large sums of money from those accounts. During his guilty plea hearing, Ishkanian reserved his right to contest the loss amount but withdrew his speedy trial claim.

At sentencing, the District Court adopted the Pre-Sentence Investigation Report ("PSR"), which asserted that Ishkanian was responsible for securing fraudulent credit lines worth more than $13 million and that Ishkanian's scheme resulted in a loss of approximately $7,794,766 as of the date of the PSR. Ishkanian did not object to these figures. The District Court sentenced Ishkanian to a term of 140 months of imprisonment, with 127 months to be served concurrently to another sentence Ishkanian was already serving and 13 months to be served consecutively to any other sentence.

## II.

Counsel may seek to withdraw from representation if, after a thorough examination of the record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); see also Anders v. California, 386 U.S. 738, 744 (1967) ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). Our inquiry of such a request is two-fold: first, we ask whether counsel has thoroughly examined the record for appealable issues and has adequately explained to the court why any such issues are frivolous; second, we ask whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). After a review of the Anders brief submitted in this case, we are convinced that Ishkanian's counsel has "thoroughly examined the record in search of appealable issues," id., and has adequately explained why any issues arguably supporting the appeal are frivolous.

Ishkanian has also filed a pro se brief in which he alleges the District Court erred in calculating the amount of loss attributable to him, applying a sentencing enhancement for his role as a leader in the scheme, allowing the Government to withhold evidence, and ignoring his right to a speedy trial. Our review of the record reveals that the District Court properly issued a two-level enhancement under section 3B1.1(c) of the advisory sentencing guidelines and that all of Ishkanian's remaining claims were either waived or

are time-barred.  Thus, we confirm that the issues raised by Ishkanian are frivolous and that no other non-frivolous issues exist.

## III.

For the foregoing reasons, we will affirm the sentence of the District Court.